# IN THE COURT OF APPEALS OF IOWA

No. 19-1208
Filed September 25, 2019

**IN THE INTEREST OF J.B., L.B., C.B., and C.B.,**
**Minor Children,**

**R.B., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A father appeals the juvenile court order terminating his parental rights. **AFFIRMED.**

Monte McCoy of McCoy Legal Services, Centerville, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Debra A. George of Griffing & George Law Firm, PLC, Centerville, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., Greer, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of the father's parental rights. An extension of time would not be in the children's best interests. The State engaged in reasonable efforts to reunite the father with the children. Termination of the father's parental rights is in the children's best interests. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

R.B., father, and J.B., mother, are the parents of C.B., born in 2010; C.B., born in 2011; L.B., born in 2012; and J.B., born in 2015. In October 2016, the Iowa Department of Human Services (DHS) became involved with the family due to issues of substance abuse, domestic violence, and mental-health concerns.[1] The father was arrested for domestic abuse and put in jail. On January 17, 2017, the children were removed from the parents' care and placed with relatives.

The children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2016). The father remained in jail until March 22, 2017, when he was placed in a half-way house for probation violations.[2] On May 8, he absconded from the facility and did not turn himself in until June 5. He admitted he relapsed into drug use during this time. The father's probation was revoked, and he was sentenced to a term of imprisonment not to exceed five years. He obtained mental-health treatment while in prison and participated in a substance-abuse treatment program. He had supervised visits while in prison.

---

[1] The family previously had been involved with DHS in 2015 for the same issues.
[2] The father was on probation for a felony burglary offense.

On April 16, 2019, the State filed a petition seeking to terminate the parents' rights. The father was released from prison on May 20. At the time of the termination hearing, held on May 23, the father was living in a motel. He was looking for a residence and employment. He testified he intended to re-enroll in a substance-abuse treatment program and continue with mental-health treatment. The father recognized the children could not be returned to him on the day of the hearing. He asked for an extension of time to work on reunification with the children.

The juvenile court terminated the father's parental rights under section 232.116(1)(f) (2019) for the three older children and section 232.116(1)(h) for the youngest child.[3] The court found, "There is just no credible evidence in the record to show the children could be returned to [the father] either now, or in the reasonably foreseeable future." The court also denied the father's request for additional time. The court concluded termination of the father's parental rights was in the children's best interests. The court determined none of the exceptions in section 232.116(3) should be applied in this case. The father appeals.

## II.    Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted).

---

[3] The mother's parental rights were also terminated. She has not appealed.

Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.    Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to show the children could not be returned to his care. Section 232.116(1)(f)(4) requires a finding "at the present time the child cannot be returned to the custody of the child's parents," and section 232.116(1)(h)(4) similarly requires a finding "the child cannot be returned to the custody of the child's parents . . . at the present time." "The time for determining whether a child can be returned to a parent's custody is the time of the termination hearing." *In re M.S.*, 889 N.W.2d 675, 690 (Iowa Ct. App. 2016). The father testified he was not prepared to have the children returned to his care at the time of the hearing and stated it would be at least three months before they could be returned to his care. We find there is clear and convincing evidence the children could not be returned to the father's custody "at the present time." *See* Iowa Code § 232.116(1)(f)(4), (h)(4).

### IV.    Extension of Time

In the alternative, the father asserts he should have been given additional time to work on reunification. He claims the children could be placed in his care within a reasonable period of time following the termination hearing. The court may continue the placement of a child for an additional six months based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *See id.* §§ 232.104(2)(b), .117(5).

In denying the father's request for additional time, the juvenile court stated:

> [The father] has only just now been released from prison, has no employment, is not participating in outpatient services to address substance abuse and mental health, and does not have a stable residence. There is nothing in the record to support the proposition [the father] could have these children placed with him permanently within the next three or six months.

We agree with the juvenile court's conclusion. The father needs to find a residence and employment, as well as work on the issues of substance abuse, mental health, and domestic violence. We find the evidence shows it was unlikely the children could safely be returned to the father's care within six months. We also note this case began in 2016 and find it would not be in the children's best interests to further extend the time before they have a permanent placement.

### V.      Reasonable Efforts

The father asserts the State did not engage in reasonable efforts to reunite him with the children. He contends the State did not make reasonable efforts in regards to visitation and failed to regularly communicate with him.

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017). "[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002). "[DHS] has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

The issue of reasonable efforts was not raised prior to the termination hearing, and we conclude the issue has not been properly raised on appeal.

## VI.    Best Interests

The father claims termination of his parental rights is not in the children's best interests.  In considering the best interests of children, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id.* at 41.

On the issue of best interests, the juvenile court stated, "The children have waited long enough for a parent [to] place themselves in a position to be a permanent caretaker—it is time for these children to achieve the permanency they deserve."  Through the father's actions the children remained out of his care since October 2016.  The father was not in a position to become a caretaker for the children at the time of the termination hearing in May 2019, and it is not in the children's best interests to further wait for him to achieve the stability they need.  "[P]atience with parents can soon translate into intolerable hardship for their children."  *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987); *In re D.S.*, 806 N.W.2d 458, 472 (Iowa Ct. App. 2011).

We affirm the juvenile court's decision terminating the father's parental rights.

**AFFIRMED.**